# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00215-MOC
# CRIMINAL CASE NO. 1:19-cr-00106-MOC-WCM-1

| | |
|---|---|
| ARCHIE ORLANDO PORTER, | ) |
| Petitioner, | ) |
| vs. | ) **O R D E R** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [Doc. 1].

**I.    BACKGROUND**

On May 6, 2020, Petitioner pled guilty pursuant to a written plea agreement to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [Criminal Case No. 1:19-cr-00106-MOC-WCM-1; Doc. 22: Acceptance and Entry of Guilty Plea]. In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id., Doc. 17 at ¶ 17: Plea Agreement]. Petitioner was later sentenced to a term of 60 months' imprisonment. [Id., Doc. 31 at 2: Judgment]. Judgment on Petitioner's conviction was entered on August 13, 2020. [Id., id.]. Petitioner did not file a direct appeal.

On August 9, 2021, Petitioner filed the present motion to vacate contending, among other things, that his counsel was ineffective because she failed to file a notice of appeal despite Petitioner "specifically" asking her to do so. [Doc. 1 at 4]. In his claim for relief, Petitioner asks "[t]hat his sentence be reduced because 924(c) is not valid in his case." [Id. at 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007).

Here, Petitioner asserts in his sworn petition that his attorney failed to file a direct appeal after being instructed to do so. Specifically, Petitioner avers that he "specifically asked [his] attorney to appeal [his] conviction of 924(c)1(A) and they neglected to do so." [Doc. 1 at 4].

Upon review of Petitioner's motion, the Court concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Petitioner's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on August 13, 2020 and submit it to the Court for consideration. Petitioner shall have fourteen (14) days from the entry of the Amended Judgment to file a Notice of Appeal to appeal to the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE**.

Signed: September 10, 2021

Max O. Cogburn Jr.
United States District Judge